# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **CRAIG HUFFMAN**, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 13 C 2236 |
| **TAVERN ON RUSH (A/K/A 1031 RUSH, INC.)**; et al., | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At the August 6 presentment of a motion for summary judgment and other related motions by the nongovernmental defendants in this action, counsel for plaintiff Craig Huffman ("Huffman") advised this Court that a settlement had been reached with the governmental defendants -- the City of Chicago and a number of members of its Police Department. That being so, the federal-question jurisdictional underpinning of this action -- various theories of recovery advanced under 42 U.S.C. § 1983 -- were eliminated, so that this lawsuit has become a building without any foundation (at least in federal terms).

Counsel for Huffman have nonetheless urged that this Court should retain jurisdiction to consider the state law causes of action advanced by Huffman and, to that end, have provided this Court with copies of a Motion for Leave To File Amended Complaint (Dkt. 90) together with the proposed amended complaint (simply captioned "Complaint").[1] Huffman's counsel have noticed that motion up for proposed presentment on August 13.

---

[1] Those state law causes of action comprise contentions of malicious prosecution (Complaint Count V), intentional infliction of emotional distress (Complaint Count VI), state law conspiracy (Count VII), respondeat superior (Count VIII) and indemnification (Count IX).

This Court is of course well aware that Huffman's counsel have invested a great deal of time and effort in pursuing this litigation up to now, and it is just as keenly aware that starting over again in the state court system is likely to delay the ultimate resolution of the action as well as possibly posing other problems. But the alternative of retaining this action here to deal with the purely state law contentions adverted to in n.1, when the supplemental jurisdiction underpinning that had been provided by 28 U.S.C. § 1367 no longer exists, strikes this Court as far less appropriate.

After all, pursuing that alternative would first necessitate this Court's resolution of a complex summary judgment motion in which the opening papers are fully a half-foot thick and would then, if Huffman's necessarily bulky response suffices to identify any genuine issues of material fact that will defeat summary judgment, compel this Court as well as the parties to go on with all of the work required to get the case ready for trial on the merits, followed by the trial itself. And it will be remembered that each of the remaining counts is advanced under state substantive law, as to which any federal court -- whether at the trial or appellate level -- is engaged in a predictive process, rather than in making substantive determinations that have precedential force.

It is entirely understandable, then, that the Supreme Court announced this principle nearly a half century ago in United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (footnotes omitted):

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

In the intervening half-century, almost innumerable decisions have adhered to that principle in the vast majority of cases. This Court has given full consideration to the matter, and it sees no need to defer its decision to the presentment date designated by Huffman's counsel -- instead it holds that adherence to the same principle is the better course.

Accordingly, as soon as the governmental defendants are dismissed from the case, this action will itself be dismissed without prejudice to the reassertion of the state law causes of action against the nongovernmental defendants in a state court of competent jurisdiction.[2] In that event the remaining litigants -- Huffman and the nongovernmental defendants -- are urged to minimize the expense to be incurred in that new lawsuit by treating all discovery matters handled in this case as equally applicable and available in the state court action.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 8, 2014

---

[2] To that end, either Huffman's counsel or counsel for the governmental defendants is or are ordered to inform this Court when that takes place.